CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2012

JULIA C. DUDLEY, CLERK
BY: /s/ L. Brught
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ZELMA D. HOPSON, ) | |
| ) | Civil Action No. 7:11CV00383 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By:   Honorable Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Zelma Hopson, was born on January 21, 1955, and eventually completed her high school education. Mrs. Hopson also completed one year in college. Plaintiff has worked as an accounts receivable clerk, sales associate, and office cleaner. She last worked on a regular basis in September of 2008. On June 29, 2007, Mrs. Hopson filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful activity on August 15, 2006 due to diabetes, depression, and high blood pressure. Mrs. Hopson now maintains that she has remained disabled to the present time. As

to her application for disability insurance benefits, the record reveals that Mrs. Hopson met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Hopson's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 25, 2009, the Law Judge also determined that Mrs. Hopson is not disabled. The Law Judge found that plaintiff suffers from severe impairments on the bases of type II diabetes mellitus, hypertension, gastroesophageal reflux disease, depression, anxiety, obesity, and history of migraine headaches. The Law Judge assessed Mrs. Hopson's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with an ability to lift objects weighing up to 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. The claimant is able to perform work that involved occasional climbing, balancing, stooping, crouching, kneeling, and crawling. The claimant is severely limited by, but not precluded from work by her ability to: understand, remember and carry out complex tasks and instructions; relate to members of the public; and respond to usual and changed work situations. The claimant would be moderately to severely limited in her ability to interact with supervisors and co-workers.

(TR 92). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as input from a vocational expert, the Law Judge determined that Mrs. Hopson retains sufficient functional capacity to return to her past relevant work as an office cleaner. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion denying benefits was eventually adopted as the final decision of the Commissioner by the Social Security Administration's

Appeals Council. Having exhausted all available administrative remedies, Mrs. Hopson has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The Administrative Law Judge assigned to this case convened an administrative hearing on February 24, 2009. Mrs. Hopson testified at the hearing, as did a vocational expert. The vocational expert offered opinions as to the nature and exertional requirements of plaintiff's past work. (TR 128-129). After observing Mrs. Hopson at the hearing, and based on his review of the existing medical record, the Administrative Law Judge determined to order a psychological evaluation "to help the record here." (TR 129). A few weeks thereafter, the disability determination services arranged for a psychological evaluation by Dr. Marvin A. Gardner, Jr. After examining Mrs. Hopson, Dr. Gardner completed a report on March 31, 2009. Dr. Gardner diagnosed recurrent, severe, major depressive disorder with psychotic features; cannabis abuse; and social phobia. Dr. Gardner completed a statement of plaintiff's mental ability to do work-related activities. The Law Judge then propounded written interrogatories to the

vocational expert, which purportedly included many of the work-related limitations cited by the psychologist in his statement. The Law Judge relied on the vocational expert's written responses in determining that plaintiff could return to her past relevant work as a cleaner.

The difficulty in this case is that the Administrative Law Judge's interrogatories to the vocational expert simply do not include all of the significant work-related limitations cited by Dr. Gardner in his written opinion. In his statement of plaintiff's mental ability for work-related activities, Dr. Gardner opined that plaintiff experiences marked impairment in her ability to deal with complex instructions; interact appropriately with other persons, and respond appropriately to usual work situations and changes. The psychologist noted moderate impairment in plaintiff's ability to understand and remember simple instructions; carry out simple instructions; and make judgments on simple work-related decisions. In his opinion, the Administrative Law Judge indicated that he "gives great weight to the opinion of Dr. Gardner." (TR 95). Indeed, in his hypothetical questions to the vocational expert, the Administrative Law Judge included all of the work-related limitations cited by Dr. Gardner in his <u>statement</u> of plaintiff's mental ability for work-related activities.[1] In propounding written questions to the vocational expert, the Law Judge failed to take into account, however, the observations made by Dr. Gardner in his <u>overall</u> <u>report</u> as to Mrs. Hopson's condition. Dr. Gardner, on whose opinion the Administrative Law Judge placed great weight, specifically stated as follows:

> The claimant is able to perform simple and repetitive tasks and maintain regular attendance in the workplace. The claimant's marked impairment of concentration would result in a work related impairment of concentration, persistence or pace.

---

[1] In his <u>statement</u> as to plaintiff's work-related limitations, Dr. Gardner did not undertake to consider plaintiff's ability to concentrate on a particular task, her ability to remain focused on a job task, or her ability to perform on a sustained basis in a work environment.

4

> She is able to perform work activities without special or additional supervision. The claimant's auditory and verbal hallucinations in which she sees and hears her murdered grandchildren are familiar but somewhat preoccupying. They are likely to increase in frequency and intensity in a competitive work setting. She is able to accept instructions from supervisors. These instructions must be extremely simple one to three-step procedures. Due to a marked impairment of recent memory and immediate recall, she would have severe difficulty in learning new procedures in a work setting. The claimant is anxious around large groups of people. She is capable of interacting with a small number of coworkers but not with the general public. It is likely that the stresses of competitive work would intensify the claimant's hallucinations and depression and lead to probable decompensation. She has been hospitalized on at least two if not three occasions in the past for mental health reasons.

(TR 583). For purposes of Dr. Gardner's evaluation, a "marked impairment" was said to be one which results in a serious limitation and a substantial loss in the ability to effectively function.

It appears to the court that, in order to accurately assess plaintiff's capacity to perform the tasks associated with particular jobs, the vocational expert should have been advised that plaintiff experiences a substantial loss of function and impairment of concentration, persistence, or pace. Moreover, it would seem reasonable to have informed the vocational expert that "the stresses of competitive work would intensify the claimant's hallucinations and depression and lead to probable decompensation." (TR 583). Obviously, such manifestations of mental illness could be expected to affect plaintiff's performance of work for which she might otherwise be physically and mentally capable.

In <u>Walker v. Bowen</u>, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record,

5

and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (Citation omitted).

In the instant case, the court is simply unable to conclude that the assessment offered by the vocational expert, which was adopted by the Administrative Law Judge, was based on all of the work-related limitations documented by the psychologist who examined Mrs. Hopson at the behest of the Administrative Law Judge. It is safe to say that the hypothetical questions put to the vocational expert did not include any suggestion that plaintiff's ability to concentrate, and her capacity to work on a persistent basis, would be markedly affected by her emotional dysfunction. Nor is there any reason to believe that the vocational expert considered the likelihood of serious decompensation based on hallucinations that would be intensified by the stresses of competitive work. In such circumstances, the court believes that there is "good cause" for remand of this case to the Commissioner so that proper and comprehensive hypothetical questions can be put to a qualified vocational expert. It can then be determined whether Mrs. Hopson can perform past work activities, or other jobs, given her particular combination of exertional and nonexertional limitations, as well as her age, education, and past work experience. See gen., 20 C.F.R. §§ 404.1520(f) and (g) and 416.920(f) and (g).

Given the court's disposition in this matter, the court finds it unnecessary to consider plaintiff's argument that the Administrative Law Judge committed procedural error in undertaking to question the vocational expert in this case by written interrogatories rather than by questioning the expert at a supplemental administrative hearing. The court can envision cases in which written questioning of a vocational expert would be reasonable, both in terms of the subject matter of the particular case and for purposes of conserving resources. On the other hand, in the instant case, the court agrees that it would certainly have been more productive to have had

the vocational expert available for oral questioning, and for consideration of a variety of different hypothetical questions. Had such a procedure been pursued, it is very likely that the need for a second administrative adjudication could have been avoided.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration. See 42 U.S.C. § 405(g). An appropriate order of remand will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 29th day of March, 2012.

/s/ Glen Conrad
Chief United States District Judge